UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:15-cr-00057-MOC-DSC

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **BRADLEY STEVEN MADERA,** | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on motion for release of defendant from custody. As previously set forth by this court's prior Order, (#18), Title 18, United States Code, Section 4243 sets out the requirements for hospitalization of a person found not guilty by reason of insanity at the time of the offense charged. If a person is found not guilty by reason of insanity, as was the case with defendant here, the court must hold a hearing to determine whether the individual must be committed to a suitable facility until he is eligible for release pursuant to 18 U.S.C. § 4243(e). Prior to being able to conduct such a hearing, the court must order a psychiatric or psychological examination of the defendant. 18 U.S.C. § 4243(b). The court has received a forensic evaluation from the Mental Health Division of the Federal Bureau of Prisons' Federal Medical Center at Butner, see (#19), and carefully reviewed such report.

The court held a hearing on February 1, 2016, wherein defendant was required to prove by clear and convincing evidence that he would not create a substantial risk of bodily injury to another person or serious damage to the property of another. 18 U.S.C. §§ 4243(c) and (d). At that hearing, the court emphasized to defendant the importance of complying with all medications prescribed to control his mental illness, as the psychiatric evaluation indicates that

defendant is stable and poses little to no risk to the public when compliant with medication. The court believes that defendant's statements in open court illustrate that he understands that remaining medication compliant is imperative to his continued health and well-being. The court finds that the evidence offered by defendant—namely, the thorough and complete psychiatric evaluation prepared by the Federal Bureau of Prisons (#19) and the Proposed Release Plan (#20)—satisfied his burden and that hospitalization is no longer warranted. The court hereby **APPROVES** the terms of the Proposed Release Plan, which provides that defendant is to reside locally with his mother and immediately begin treatment with the Veterans Administration Medical Center's Mental Health Intensive Care Management in Asheville, North Carolina, and complete all treatment required by the VA's mental health professionals. The court therefore enters the following Order.

**ORDER**

**IT IS, THEREFORE, ORDERED** that **BRADLEY STEVEN MADERA** is **RELEASED** from the custody of the Federal Bureau of Prisons pursuant to this court's determination that hospitalization is not warranted under 18 U.S.C. § 4243.

Signed: February 1, 2016

Max O. Cogburn Jr.
United States District Judge